OPINION of the Court, by
Ch. J. Bibb.
— Beau-champ declared against Tennel, that in consideration of *442 a reasonable compensation to be made by tbe plaintiff, he did assume and faithfully promise to receive 270Q pounds of pot metal, the property cf the plaintiff, at Geneva and deliver the same at M’Kee’s port ; avers that he did receive the said pot metal and failed to deliver the same at M’Kee’s port, agreeable to his undertaking, by reason whereof the plaintiff lost the said 2700 pounds of pot metal, to his damage £. 100; the defendant pleaded non assumpsit.
A bill of exceptions to the opinion of the court, must fhew the bear ing of the ©pinion on the cafe.
Confeflions when given in evidence against a party, may be explained by him by ftatements made at the same time, and in fame conversation *. but not by his ftate merits made at another time.
Court ihoulci be cautious in receiving evidence taken in a common law suit, and not engrafted into ibe record by bill of exceptions, nor certified by the judges — Vide JVickixffe *vs> ¿2W4I3 • — Brown vs. lM'Connelt ante ¿67*
On the trial of the issue the plaintiff took two bills of exceptions ; the first, states that “ the defendant introduced evidence to prove what had been the confessions of the plaintiff upon a certain subject at a certain time, and the plaintiff offered to introduce other evidence to prove what had been the confessions of the plaintiff both before and after that time, to contradict the evidence introduced by the defendant, which evidence the court refused.
The second bill states, that after the plaintiff had read his depositions the defendant objected to them as illegally taken, but if legally taken, that they did not support the declaration, and moved that the court should so instruct the jury. Upon both points the court sustained the defendant’s motion. These opinions are complained of in this court as erroneous.
Upon the first bill two answers readily present themselves in this court; first, that it does not appear that the confession of the plaintiff “ upon a certain subject at a certain time” had any reasonable bearing on the case, as the plaintiff has not stated what the confession was : secondly, that the plaintiff was not at liberty to offer his confessions at other tunes to contradict his statement or confession at a particular time, although he might have explained or proved by witnesses who heard the confession or conversation at the same time, that they had understood it differently, thus leaving the identity and substance of the confession or conversation, taken together, to be judged of by the jury. But the plaintiff had no right to rely on his oxvn inconsistent statements, at different periods, to do away the effect of bis confession made in a certain conversation.
Upon the second bill the first question which occurs is, whether the depositions can be noticed by this court, although certified by the clerk, as they are not expressly *443 incorporated in the bill of exceptions. The court should be cautious in admitting as a part of the record, evidence which properly does not belong to the record of a common law action, and not certified by the judges, but only by the clerk, whose duty is but ministerial, and therefore cannot make that have the sanctity and binding faith of a record which neither the law nor the judges have made of record. In the present case it is however of no moment to decide this question, since the cause must be decided the same way whether the depositions are admitted or excluded in this court. The depositions, when looked into, prove a case different from that declared on ; in this, that it appears that Tennel promised not, positively to deliver the castings at M’Kee’s port, but to take them there, and if the plaintiff should fail in being there when Tennel arrived, then Tennel was to take them on to Charlestown, and there to wait for the plaintiff; and by the plaintiff’s said depositions it appears he did not wait at M’Kee’s port until Tennel came, but went on before to Charlestown, and departed from thence before Tennel arrived, wherefore Tennel stored up the castings at Charlestown.
Upon the other points the opinions of the circuit court were correct.--Judgment affirmed.