## DAVIS VS HERRING.

1. In order to take a case out of the statute of limitations, an express acknowledgment of the debt, as a debt due at that time (coupled with the original consideration,) or an express promise to pay, it, must be proven to have been made within the time proscribed by the statute.

2. Deft. unconditionally promised the agent of plaintiff several times, to renew certain notes held by plaintiff on defendant the notes were not exhibited at the times, nor their amounts stated. Held to be a sufficient promise to take the case out of the statute limitations.

Opinion of court delivered by Napton Judge.

"This was an action of debt brought by Davis, as Executor of Rebecca Herring, against the defendant David Herring on a bond and a note given by defendant to testatrix. Defendant plead the statute of limitations. Upon the trial plaintiff offered the testimony of one Bagby, to take the case out of the statute, and the only point raised here is as to the sufficiency of this evidence. The witness stated, that the testatrix left the two notes sued on with him as an agent to get them renewed by defendant, and that he applied to defendant as such in the year 1835, to get them renewed—that defendant promised to do so, and failed—that he again promised to renew the notes and said he would do it on Monday morning—that it was then too late in the evening, and before Monday testatrix died. The witness further testified, that at the same time the notes were placed in his hands by testatrix, she also placed some accounts for settle-

AUGUST TERM 1839.

Davis,
vs
Herring,

ment against defendant; that his application to defendant at each time was for him to come to testatrix's house and make a settlement of the accounts and renewal of the notes—that he did not know the amount of the accounts—nor he did show to defendant either of the notes, nor state to him their amount—that he never knew of any other notes held by the testatrix on defendant than the two he held and that they are the notes sued on.—On this evidence the court gave judgment on the notes and defendant moved for a new trial, and in arrest, which motions were both overruled.

Both parties refer to the decision in McKean v. Tharp 4 Mo R., 258, for the rule which is to govern this case. It is unnecessary to review the authorities upon which that case was decided. The principle established by the court was, that in order to take a case out of the statute of limitations, an express acknowledgement of the debt, as a debt due at that time, (coupled with the original consideration) or an express promise to pay it, must be proven to have been made within the time prescribed by the statute. The court say that "if the bar of the statute is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner, and be in its terms unequivocal and determinate." Let the case at bar be tested by this principle. The defendant when called on by the agent of the testatrix and requested to renew the two notes (or the bond and note) held on him by the testatrix, promised to renew them. Failing to do so, the agent again called on him, and he again promised to call at the house of the obligee, on a specified day and renew the notes.

I cannot see any doubt or uncertainty in this promise, which was, to all intents, a promise to pay and to pay a certain sum. For it is fair presumption, that defendant was acquainted with the amount for which he had executed his note to the testatrix.—This promise is unequivocal, unconditional and determinate. In the case of Bell and Morrison, (Peters Rep. 351) the acknowledgment of the defendant was, that there was something due, but he knew not how much and could not tell until he had recourse to certain

*In order to take a case out of the statute of limitations, an express acknoledgment of the debt, as a debt due at that time (coupled with the original consideration,) or an express promise to pay it must be proven to have been made within the time prescribe by the statute.*

*In dept. unconditioned promised the agent of pltff. but several times, to renew certain notes held by pltff. on dept. the notes were not exhibited at the*

books, and then a specific sum, by way of compromise was <span style="float:right">AUGUST TERM<br>1839.</span> offered.

In McLean adm'r v. Tharp, the defendant stated to a witness, that "he must have some money or plaintiff would sue him," and this was held to be insufficient. The court thought the acknowledgment not sufficiently unequivocal, and not an acknowledgment of a subsisting and specific debt, much less a promise to pay. These acknowledgments as well as those in Gray v. Lauridge (2 Bibb 285) and Bell v. Rowland's administrators (Hardins R. 301) and Harrison v. Handly (1 Bibb 443) are clearly distinguishable from the one disclosed in this record, which comes fully up to all the requisites called for by the principle of these decisions. The judgment of the circuit court is therefore affirmed."

*Davis*, vs, *Herring*, times, nor their amounts stated. Held to be a sufficient promise to take the case out of the statute of limitations.

Davis for Plaintiff.

The case is brought here by writ of error.

And the sufficiency of the facts sworn by that witness to take the case out of the statute of limitations is the question now made for the decision of this court, see the case McLane admr. of Brockman vs Tharp 4 Mo. decisions 256, and books there cited."

Clark for defendant.

"The only material point I consider in this case is whether the evidence given by plaintiff of the promise to pay, was sufficient to take it out of the statute of limitation. We think it was and rely upon the authority of McLean vs Tharp decided by this court, and reported in the fourth vol. Mo. Rep. 256.