## GOLDSBY and Another *v.* GENTLE.

Evidence though illegal, if admitted without objection, cannot be disregarded on a motion for a new trial.

The acknowledgment of a debt, to take a case out of the statute of limitations, should contain an unqualified admission of a subsisting debt, which the party was then willing to pay.

The following acknowledgment, " The plaintiff might have been paid long ago, *if he had not treated me badly*," is not sufficient to take a case out of the statute.

*Saturday,
November 28.*

ERROR to the *Washington* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Gentle* for goods sold and delivered, money paid, money had and received, on an account stated, &c. The real demand, according to a bill of particulars filed, was for money which the plaintiff, as the surety of the defendants for the stay of an execution, had been obliged to pay to the execution-creditors. Pleas, 1. Non assumpsit; 2. Non assumpsit within five years; 3. That the action had not accrued within five years; 4. Payment. Replications in denial of the pleas. Verdict for the defendants. New trial granted on the plaintiff's motion. On the second trial, verdict for the plaintiff. Motion by the defendants for a new trial overruled, and judgment on the second verdict.

The granting of the new trial is objected to; but the record shows no ground for the objection. It does not appear from the evidence, which is before us, that the new trial was erro-

neously granted. It is said, however, that a material part of
the plaintiff's written evidence given on the first trial was
inadmissible, and, that being excluded, the verdict was right.
But that evidence was admitted without objection, and could
not therefore be disregarded on the motion for a new trial.

The refusal to grant a new trial to the defendants, after the
second verdict, is also objected to. The objection made to
that verdict is, that the demand sued for was barred by the
statute of limitations. The following is the evidence con-
nected with this objection:—

In 1824, the plaintiff's land was sold on execution to pay
a debt due by the defendants, as stated in the bill of particu-
lars; and the defendants thus became indebted to the plaintiff
about 200 dollars, paid for them by him as their surety. In
1825, *George Goldsby*, one of the defendants, promised to pay
the plaintiff the amount due him, by assigning to him a cer-
tificate for a certain quarter section of land, and also a
certificate for another quarter section of land on which he,
*Goldsby*, resided. The former certificate was immediately
assigned, and the latter was to be assigned the same day.
In 1831, the month not stated, *Goldsby* told the witness, that
when he promised to assign the certificate for the land he
lived on to the plaintiff, he did not intend to do so, and that
he had not assigned it to him; and that the plaintiff had
injured his, *Goldsby's*, character, more than the value of the
land, by slandering him. Three or four years before the suit
was commenced, *Goldsby* being charged by the witness with
having cheated the plaintiff by not paying him, said that the
plaintiff might have been paid long before, if he had not
treated him, *Goldsby*, badly. One or two years before the
commencement of the suit, *Goldsby* asked the witness to
write him a letter to the plaintiff, saying that he wished to
make the plaintiff a present of 100 dollars, and that he wished
the witness to write the letter, as the plaintiff would have
more confidence in the witness than in him, *Goldsby*. The
witness, who knew that the plaintiff had been surety for
*Goldsby*, and that his land had been sold to pay *Goldsby's*
debt, procured another person to write the letter.

In *September*, 1836, the present suit was commenced; and
whether the debt sued for, according to the evidence we

have mentioned, is barred by the statute of limitations, is the question.

The decisions on this part of the cause are not uniform; but some of the latest and most approved of them state the law on the subject to be as follows:—To take a case out of the statute, where there has not been a new express promise within the prescribed time, there must be evidence from which the jury may infer a new promise made within such time, to pay the debt. Such an inference may be drawn from proof of a general acknowledgment that the debt is then subsisting. But if the acknowledgment be accompanied by expressions inconsistent with a promise to pay, the statute is not avoided. So, if with the acknowledgment there be expressions showing the liability to be dependent on a contingency, the statute will operate unless the contingency has happened. *Tanner* v. *Smart*, 6 Barn. & Cress. 603.—*Linsell* v. *Bonsor*, 2 Bingh. N. C. 241. So, also, "if there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay, if the expressions be equivocal, vague, and indeterminate, leading to no certain conclusion, but at best to probable inferences which may affect different minds in different ways, they ought not to go to a jury as evidence of a new promise to revive the cause of action. Any other course would open all the mischiefs, against which the statute was intended to guard innocent persons, and expose them to the danger of being entrapped in careless conversations." *Bell* v. *Morrison*, 1 Peters, 351.—*Moore* v. *The Bank of Columbia*, 6 *id.* 86.

In the case now before us, the acknowledgment principally relied on is this—" The plaintiff might have been paid long ago, *if he had not treated me badly.*" That has not the effect of a *general* acknowledgment that there was a debt then due. The acknowledgment in this case is *qualified* by words which render it at least doubtful, whether or not the defendant was at that time willing to pay the debt. It is rather to be inferr-

ed from the expressions used, that he was not disposed to pay it. It appears to us, therefore, that according to the authorities we have referred to, and especially the last two cited, that the acknowledgment in question is not sufficient to take the case out of the statute. The other loose expressions proved to have been used by *Goldsby* cannot affect the case.

For these reasons, we think the second verdict is not supported by the evidence, and ought to have been set aside.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*R. W. Thompson,* for the plaintiffs.

*H. P. Thornton,* for the defendant.