## Conwell v. Buchanan.

Where a cause is submitted to the Circuit Court, the judgment will not be reversed on account of an apparent contradiction in the statements of a witness.

A person, to whom an account of more than five years' standing was presented, did not object to the account, but said he thought he had paid it, and had the receipt at home. *Held*, that this was not a sufficient acknowledgment to take the case out of the statute of limitations.

But a payment, on account of principal or interest, will take the case out of the statute.

Nov. Term, 1845.

CONWELL v. BUCHANAN.

Thursday, December 4.

ERROR to the *Ripley* Circuit Court.

SULLIVAN, J.—Assumpsit by *Buchanan* against *Conwell* for goods sold and delivered. Pleas, non assumpsit, and the statute of limitations. Issue, trial by the Court by consent of parties, and judgment for the plaintiff.

The account, on which the suit was commenced, was made in *May* and *June*, 1837; the suit was commenced on the 7th day of *April*, 1843. The deposition of a single witness was all the testimony offered on the trial. That witness testified that he then was, and had been ever since the 1st day of *May*, 1837, the clerk and book-keeper of the plaintiff; that the bill of goods attached to his deposition was a true transcript from the plaintiff's books, and that the goods charged in the bill were sold and delivered to the defendant at the prices charged; and that afterwards, as stated in said bill, to wit, on the 20th of *September*, 1838, the defendant paid the plaintiff, on said account, sixty dollars as appeared by the credit given. The witness further stated that, subsequently to the payment of the sixty dollars, he met the defendant in *Cincinnati* and reminded him of the account; that the defendant made no objection against the account, but said he thought he had paid it, and had the receipt at home. The witness swore that he was well acquainted with the defendant, and was certain that he was the person who purchased and received the goods charged. To a question by the defendant, on cross-examination, he replied that he would not say whether the defendant was personally present when the goods were sold, nor whether they were sent to him; but that he generally purchased his goods himself.

The plaintiff in error contends that the statements of the witness were so discrepant, that the proof was not sufficient to establish the plaintiff's account, and we are called upon, for that reason, to reverse the judgment. We have repeatedly decided that where testimony is to be weighed, or the credibility of witnesses to be judged of, it is the province of the jury, or the Court if the parties consent, to do it. In this case, although there is an apparent contradiction in the statements of the witness, we think they must be judged of by the appropriate triers of the fact, and with their determination we cannot interfere.

The main point for our consideration is, whether the plaintiff's proof had the effect to take his case out of the statute of limitations. That it had that effect, two facts are relied on; first, that when the defendant was reminded of the account by the plaintiff's clerk, he did not object to it; and, secondly, that within five years before the commencement of the suit, the defendant paid, on the account, the sum of sixty dollars.

We think the first point relied on is insufficient. It is true, the witness says that the defendant did not object to the account, but that was not all. The defendant said that he thought he had paid it, and that he had the receipt at home. To take a case out of the statute there must be an express promise to pay, or such an admission as that a promise to pay may be implied from it. *Goldsby* v. *Gentle*, 5 Blackf. 436. But where the acknowledgment of the debt or cause of action, is accompanied by words which rebut any presumption of a promise to pay, or is evasive, it will not be deemed sufficient to sustain the action. As, for example, " I owed the money, but I have a receipt in full of all demands: I shall search for it and let you know in the event of my not being able to find it." *Brydges* v. *Plumptre*, 9 D. & R. 746; and see *Hellings* v. *Shaw*, 7 Taunt. 608; *Goldsby* v. *Gentle*, *supra*. We think the language of the defendant, in the case under consideration, did not amount to an acknowledgment that there was a debt due from him to the plaintiff; nor can a promise to pay be inferred from what he said.

The second point relied on is sufficient to take the case out of the statute. When it is established that there is a debt due from the defendant to the plaintiff, on which the statute operates, proof of payment by the defendant, on account of principal or interest, as part performance of the promise laid in the declaration, within five years before the commencement of the action, will take the case out of the statute; for such a payment is deemed an acknowledgment and recognition of the existence of the cause of action, and to be equivalent to a new promise. *Chippendale* v. *Thurston*, 4 C. & P. 98.— *Wyatt* v. *Hodson*, 8 Bingh. 309.— *Hooper* v. *Stevens et ux.* 7 C. & P. 260.— *Evans* v. *Davies*, 4 A. & E. 840. This has ever been the rule; and it remains

unaffected in *England* by the recent statute which requires a promise to pay, under other circumstances, to be in writing. 4 C. & P., *supra.* The plaintiff's case, therefore, is taken out of the statute by proof that the defendant did, within five years before the commencement of the suit, pay a part of the debt, and so recognize the existence of the plaintiff's demand, and impliedly promise to pay it.

*Per Curiam.*—The judgment is affirmed with costs.

*E. Dumont*, for the plaintiff.

*O. H. Smith*, for the defendant.