(Decided 12th March, 1869.)

STEPHEN MORRIS, THOMAS F. TASKER, JR., and others, *vs.* HENRY R. HAZLEHURST.

*Evidence—Statute of Limitations.*

In an action of *assumpsit*, limitations having been pleaded, and the plaintiffs in their examination in chief, having sought to prove by the defendant, for the purpose of avoiding the Statute, that he had offered through his attorney, to settle the claim sued on, if they would take fifty cents in the dollar; and the defendant himself having spoken of his discharge under the insolvent laws, it was proper for the counsel of the defendant, to ask him, on cross-examination, " if he had ever authorized any one to waive his discharge under the insolvent laws, or the bar of the Statute of Limitations?"

An offer by the defendant's attorney, to settle the claim on which the suit was brought, if the plaintiffs would take fifty cents in the dollar, the offer having been made on his own behalf, without authority from the defendant, and not afterwards ratified by him, is insufficient to take the case out of the operation of the Statute of Limitations.

APPEAL from the Circuit Court for Howard County.

This was an action of *assumpsit* brought on the 30th day of August, 1862, but owing to the decision of this Court on a

former appeal in the same cause, (28 *Md.*, 67,) it was, by consent, deemed and taken to have commenced on the 28th of August, 1863, by the appellants, citizens of Pennsylvania, against the appellee and James Murray, trading as Murray & Hazlehurst, on the acceptances of said firm in favor of the appellants, and upon an open account. Murray was returned not found. The defendant, Hazlehurst, relied upon the Statute of Limitations, to which the plaintiffs replied, a new promise within three years; and upon this, issue was joined.

On the part of the plaintiffs it was proved by the defendant, Hazlehurst, that in February, 1860, the firm of which he and James Murray were the members, was indebted to the plaintiffs in the sum of $3,200, or thereabouts, for goods and materials purchased by them of the plaintiffs.

The first exception is fully stated in the opinion of the Court.

*Second Exception:*—The plaintiffs offered in evidence the application of the defendant for the benefit of the insolvent laws, in July, 1860; proved the non-residence of the plaintiffs, and that the defendant's partner had left the country in September, 1860, and had not returned. They then offered the following prayer:

'If the jury shall find that the defendant was indebted to the plaintiffs in July, 1860, in the sum claimed in the bill or proved by them, and that within the last three years, before the commencement of this suit, or since his attorney, with his sanction or approbation, offered to settle the claim by paying fifty cents on the dollar, then the plaintiffs are entitled to recover.

The defendant asked the following instruction: That there is no sufficient evidence in the cause to go to the jury to enable the plaintiffs to recover.

The Court rejected the prayer of the plaintiffs, and gave the instruction asked for by the defendant. To this ruling the plaintiffs excepted, and the verdict being against them, they appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ALVEY, J.

*William Pinkney Whyte*, for the appellants:

The Court should have left it to the jury to say, whether " the attorney, with the sanction or approbation" of the defendant "had offered to settle the claim by paying fifty cents on the dollar," and then to have determined that to have been "*an acknowledgment of a present subsisting debt*," and equivalent to. a promise to pay: If there were evidence, no matter how slight, to show the approval by the · defendant of his attorney's offer, it should have gone to the jury. *Hatton vs. McClish*, 6 *Md.*, 417; *Morrison vs. Whiteside*, 17 *Md.*, 459; *Arnold vs. Dexter*, 4 *Mason*, 122.

The acknowledgment by the attorney, with the sanction of the defendant, was sufficient to take the case out of the statute. *Oliver vs. Gray*, 1 *H. & G.*, 204; *Zelty, Adm'r of Young vs. Young*, 18 *Md.*, 167; *Petterson's Ex'rs vs. Ellicott*, 9 *Md.*, 62; *Quinn vs. Carroll*, 10 *Md.*, 208.

*James Mackubin* and *Geo. H. Williams*, for the appellee:

There was no evidence that the offer of compromise was made with the defendant's "sanction or approbation," on the contrary, the evidence was that he knew nothing of the offer, and when it was communicated he neither affirmed nor denied the offer. An attorney-at-law (without express authority,) cannot compromise a suit in Court or a claim out of Court. *Swinfen vs. Chelmsford*, 5 *Hur. & Nor.*, 890; 1 *Parsons on Cont.*, 117; *Jones vs. Foxall*, 13 *Eng. Law & Eq.*, 140, 145.

And even if he had authority to do so, overtures to compromise are not admissible evidence. *Marsh vs. Gold*, 2 *Pick.*, 285; *Gerrish vs. Sweetser*, 4 *Pick.*, 377; *Lawrence vs. Hopkins*, 13 *Johns.*, 288; 1 *Phillip's Evid.*, 427, (*marg.*) and notes; *Molyneaux et al.*, *vs. Collier*, 13 *Georgia*, 414; *Jardine vs. Sheridan*, 2 *Car. & Kir.*, 24; 1 *Greenleaf on Evidence, sec.* 192.

And if this be so, then the Court was right in saying there was no sufficient evidence to go to the jury to enable the plaintiffs to recover.

BRENT, J., delivered the opinion of the Court.

There are two exceptions taken in this case, which will be disposed of in the order in which they occur.

The first exception is to the question put to the witness upon cross-examination, "if he had ever authorized any one to waive his discharge under the insolvent laws, or the bar of the Statute of Limitations." The objection to it is taken, first on the ground that it was not a part of the cross-examination, but an interrogartory in chief, and a leading question; and secondly, that it was asking the witness a matter of law. The question, we think, was properly admitted. The examination in chief was specially directed to prove by the witness that he had offered through Mr. Williams, to settle the debt sued upon if the plaintiffs would take fifty cents in the dollar, for the purpose of avoiding the Statute of Limitations—and the witness had also spoken of his discharge under the insolvent laws. Both of these matters were proper subjects of inquiry upon cross-examination, and even if the question is a leading one, it should not be refused. The question does not necessarily require the answer to be "a matter of law." It may be purely a matter of fact, and no doubt was put and understood as intended to elicit an answer of the latter character. The law of evidence cannot be safely extended so far as to exclude every question to which the answer might possibly involve a matter of law.

The next exception is to the instruction of the Court, that there was no sufficient evidence to go to the jury to enable the plaintiffs to recover, and to the rejection of the plaintiff's prayer. Limitations were relied upon in defence, and this exception presents the legal sufficiency of the evidence to remove the bar of the Statute. We think the instruction was properly given. The offer made by Mr. Williams, was "on

his own behalf," and is expressly stated to have been without any authority from the defendant, and not afterwards ratified by him. The evidence will not justify the conclusion that it was made by Mr. Williams, as his attorney at the time, and we are not called upon to examine the numerous decisions cited as to the extent and circumstances under which a client is bound by the acts of his attorney. It is true the witness is asked if the offer were made through Mr. Williams, " as his attorney ; " but his answer negatives the inference that it was, in stating that it was made without his authority, and that Mr. Williams had told him it was made " on his own behalf." This witness, who was also the defendant, was produced on the part of the plaintiffs, and as his evidence was not rebutted by adverse testimony, (*Act of* 1864, *ch.* 109, *sec.* 4,) it must be taken as binding upon the party offering it. We do not think the testimony can be considered, from any reasonable construction which can be placed upon it, as legally sufficient to be submitted to the jury to establish an acknowledgment on the part of the defendant to bind him, and take the case out of the operation of the Statute.

The question, as to the offer spoken of in the testimony being an offer to compromise, and presented so fully in the argument with the request that it would be embraced in our decision, we regret is not before us upon the record in this case. That is an objection which goes to the admissibility or competency of the evidence, and not to its effect after it has been allowed to go to the jury. As there was no objection and exception to its admissibility below the point does not arise, and cannot be made the proper subject of our decision. The question, however, has heretofore been presented to this Court, and will be found to have been decided in the case of *Reynolds, Adm'r of Paul vs. Manning, et al.,* 15 *Md.,* 526.

*Judgment affirmed.*

(Decided 12th March, 1869.)