## John Cassell's Heirs v. A. Gazello's Ex'r.

**Statute of Limitations—New Promise.**

    There can be no recovery upon a debt upon a new acknowledgment of indebtedness after the debt has been barred by the statute of limitations; but the moral obligation to pay the debt will furnish the consideration of a new promise.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

February 24, 1875.

Opinion by Judge Peters:

The court has read more than once the ingenious and plausible petition presented by counsel for appellants for a re-hearing, in which it is insisted that the acknowledgment of Cassell of his indebtedness to Gazello is not made to the latter, and there is no promise to him to pay the debt proved.

Counsel do not make distinction between a demand actually barred at the time the acknowledgment is made, and the acknowledgment of a subsisting debt at the time.

In *Bell v. Rowland's Adm'rs,* Hard. 301, the earliest case in which the court entered upon a discussion of the statute of limitations, and reviewed the English and Virginia authorities on the subject, adopted the rule that in order to take the case out of the statute of limitations, an express acknowledgment of the debt, as a debt due at the time (coupled with the original consideration), or an express promise to pay it, must be proved to have been made within the time prescribed by the statute; and that rule has been adhered to from that time to this in similar cases.

In Harrison v. Handley, 1 Bibb 443, the rule adopted in *Bell v. Rowland's Adm'rs, supra,* is approved, and the court then said: "Where the limitation has run, to get clear of it the whole burden of proof is thrown on the plaintiff to prove a good and subsisting debt, and a promise to pay, within the period prescribed to his action," showing conclusively that the rule prescribed is applicable alone to cases where the bar is complete.

In *Head's Ex'r and Ex'x v. Manner's Adm'rs,* 5 J. J. Marsh. 255, this court, Chief Justice Robertson delivering the opinion, gave the reason for the rule. He says:

"After the debt had been barred by time, the debtor, by pleading the statute, can prevent a judgment against him on the original contract. The contract is then dead. It can never be revived. The

debt, so far as it was merely legal, is extinguished. But as there may be a moral obligation to pay, the debt, not the original contract, may be revived by a new contract based on this moral consideration."

All the authorities to which we have been referred are cases to which the statutes have attached, in the language of Judge Trimble, and we are not aware of any case in which the rule has been applied where the original cause of action was not barred.

Under the old system of pleading to a plea of the statute of limitations, the plaintiff could by replication, traverse the plea; or if the original cause of action was barred, he could avoid the effect of the plea by alleging an express promise to pay within five years from the commencement of the action.

In *Trousdale's Adm'r v. Anderson,* 9 Bush 276, it is said: "When the right to recover upon the original contract is barred by the statute of limitations, and there has been a new promise to avoid this statutory bar, it constitutes a different cause of action, and upon which the action must be brought." And in such a case the new promise must be made, not to a stranger, but to the creditor or some one acting for him, and upon which the creditor is to act and confide.

The limit of the rule is to that class of cases where the debt was barred; if the rule is applicable to debts that are not barred, it is strange that it cannot, or has not been sustained by the production of or reference to some adjudicated case.

The petition is *overruled.*

*Allen & Allen, for appellants.*
*Twyman, for appellee.*