Filed Feb. 7, 1895.

———————◆———————

No. 1,444.

McNear *v.* Roberson.

Statute of Limitations.—*Defense Must Plead.—When not Necessary to Plead.*—In order to avail himself of the statute of limitations a defendant must plead it, unless the facts alleged in the complaint show affirmatively that none of the exceptions exist which withhold the operation of the statute.

Same.—*Death of Payee.—Eighteen Months' Extension of Time for Payment.—Reply.*—In an action on a promissory note by the (administrator or) heir of the payee; and the statute of limitations of ten years is pleaded as a defense; and the plaintiff replies that a new promise was made by the defendant, he must aver in such reply that the payee died within the ten years' limitation, and that the suit was brought within eighteen months from his death.

Same.—*New Promise, Sufficiency, Court Determines.—Parol Evidence.*—Parol evidence is not admissible to prove a new promise to pay a debt barred by the statute of limitations. The court determines, as a matter of law, whether the new promise is sufficient to take the debt out of the statute. If the language used is indefinite or uncertain, so that an acknowledgment or promise can not be reasonably inferred, it will be deemed insufficient. An acknowledgment of indebtedness usually carries with it an implied promise to pay, unless coupled with expressions which repel the presumption of a promise or an intention to pay.

Will.—*Parol Proof of Contents.*—The contents of a will which can be produced, can not be shown by parol; and to allow such testimony over an objection is sufficient error to reverse the case on appeal.

From the Whitley Circuit Court.

*J. C. Wigent* and *B. E. Gates*, for appellant.

*T. R. Marshall, W. F. McNagny, P. H. Clugston* and *J. W. Orndorf*, for appellee.

Ross, C. J.—This action was commenced November 7, 1893, by the appellee against the appellant and one Thomas N. McNear, upon a note dated October 21, 1881, calling for $300, payable to the order of A. W. Roberson, and due one year after date. It is alleged in the complaint that A. W. Roberson, the payee, died intestate since the execution of the note; that all of his debts have been paid and that appellee is his only heir. A number of credits on the note amounting to $83.15 were alleged, leaving the balance, with interest and attorney's fees still due, for which judgment was demanded. No process having been served upon Thomas N. McNear, the cause was dismissed as to him.

The appellant filed a demurrer to the complaint, which was overruled by the court and exception saved. He then filed an answer in two paragraphs, the first being a general denial and the second the ten-year statute of limitations. To the second paragraph of answer appellee filed a reply in two paragraphs, in each of which he seeks to avoid the operation of the statute by pleading a new promise. The first paragraph of the reply was held bad on demurrer and the second good. The issues thus formed were submitted to a jury for trial, resulting in a verdict for appellee, assessing his damages at $316.60. A motion for a new trial was interposed by appellant, which was overruled and judgment rendered on the verdict.

The first two errors assigned call in question the sufficiency of the facts alleged to constitute a cause of action.

It is insisted by counsel for the appellant that the complaint is insufficient for the following reasons, viz:

First. Because it shows on its face that the action is barred by the statute of limitations; and, second, because it is not shown "that the action was brought within

eighteen months after the death of A. W. Roberson, the payee.

Section 294, R. S. 1894 (section 293, R. S. 1881), subdivision 5, passed September 19, 1881, provides that actions upon promissory notes, bills of exchange and other written contracts for the payment of money, executed after the passage of that act, shall be commenced within ten years. The statute begins to run from the maturity of the obligation, unless some one of the exceptions made by the statute exist which takes it out of the operation of this statute.

In *Hogan* v. *Robinson,* 94 Ind. 138, the court held that the question as to whether or not the action was barred by the statute of limitations, might be raised by demurrer, where the complaint shows on its face that the action was commenced after the expiration of the time limited by the statute, and also shows that none of the statutory exceptions exist which relieves the party bringing the action from the operation of the statute.

The statute creates a defense which may or may not be taken advantage of by the defendant. He may waive it if he sees fit, but in order to avail him he must plead it unless the facts alleged in the complaint show affirmatively that none of the exceptions exist which withhold the operation of the statute. *Medsker* v. *Pogue,* 1 Ind. App. 197; *Christian* v. *State, ex rel.,* 7 Ind. App. 417; *DeVay* v. *Dunlap,* 7 Ind. App. 690; *Shewalter* v. *Bergman,* 123 Ind. 155; *Falley* v. *Gribling,* 128 Ind. 110.

Section 299, R. S. 1894 (section 298, R. S. 1881), cited by counsel in support of the second contention, does not limit the time within which the action may be brought, but creates an exception rather to the sections limiting such time.

To accept counsel's interpretation of this section would be to hold that the death of a party would shorten the

time within which the action might be commenced. That is not the purpose of this section. If eighteen months of the time granted by the statute of limitations within which the action may be brought does not remain after the death of a party, this section extends it.

In the case of *Harris* v. *Rice, Admr.*, 66 Ind. 267, the court, in construing this section, says: "But it was the object and purpose of the section, we think, in all cases where death intervened within eighteen months of, and preceding, the close of the ordinary period of limitation, to allow suits to be brought either by or against the personal representatives of such decedent, within said period of eighteen months, upon causes of action which, without that section, would have been barred by limitation during that period, and before the suit was brought. Thus, it seems to us, that, under this section, while the ordinary period of limitation may possibly be enlarged, yet it can never be diminished or abbreviated in any case."

See, also, *Emerick, Admr.*, v. *Chesrown*, 90 Ind. 47; *Epperson* v. *Hostetter, Admr.*, 95 Ind. 583; *Wright* v. *Kleyla*, 104 Ind. 223.

The complaint before us states a cause of action in that the facts alleged, although they show the action to have been commenced after the expiration of the time fixed by subdivision 5, *supra*, do not show that none of the exceptions to its operation existed.

It is next urged that the court erred in overruling the demurrer to the second paragraph of the reply.

This paragraph of the reply set up a new promise, made subsequent to the expiration of the time limited for bringing the action. It is insisted, however, that the reply is bad because it contained no allegations to show that the action was brought within eighteen months after the death of A. W. Roberson, the payee. In support of

this contention our attention has been called to the case of *Hiatt* v. *Hough, Admr.*, 11 Ind. 161, where the court, in discussing the sufficiency of a reply filed to an answer setting up the twenty-year statute of limitations, says : "The reply avers that the maker of the note died within the twenty years; but that fact alone did not bring the case within this exception, for he may have died within ten or eighteen years from the making of the note, so that eighteen months from the death might have elapsed before the expiration of the twenty years. The reply should have averred, to have been any answer to the bar set up, that the maker died within the twenty years, and that the suit was brought within eighteen months from his death."

We think there can be no question about the correctness of that decision, for in that case the defendant pleaded as a defense the statute of limitations, and the plaintiff, to avoid the operation of the statute, attempted to plead the exception to the operation of the statute, which is created by section 299, *supra*.

The reply before us, however, is not founded upon this section, but is based upon a new promise made. No argument is adduced by appellant against the sufficiency of the reply as setting up a new promise. While counsel in their brief say the sufficiency of the reply depends upon the construction to be placed upon a letter written by appellant to appellee, yet no argument is advanced to show that the reply is not sufficient.

The mere statement of counsel that a pleading is insufficient does not meet the requirements of this court, that in order to present for consideration any question presented by the record, the ruling complained of must be pointed out and some argument adduced in support of the contention that it was erroneous. It is so well settled by the decisions of this court and the Supreme

Court that errors assigned and which are not discussed by counsel are waived, that we deem it unnecessary to cite the authorities. While we appreciate the honest effort to present tersely the questions relied upon, there must be more of an argument presented than merely the statement that the ruling was erroneous. And, inasmuch as this court indulges a presumption in favor of the correctness of the rulings of the *nisi prius* court, it will not search the record for errors, but will consider only those presented by counsel. Hence, the argument of counsel adduced to show that the reply is not sufficient, because it contains no allegation to show that the action was brought within eighteen months after the death of A. W. Roberson, the payee, does not require the court to examine the reply and decide whether or not it is insufficient for some other reason. Ordinarily, this court will confine its examination and decision to the questions presented by counsel.

The last error assigned is that the court erred in overruling appellant's motion for a new trial.

Counsel insist that the evidence fails to establish a promise to pay, sufficient to avoid the statute of limitations, and thus revive the cause of action.

Section 302, R. S. 1894 (section 301, R. S. 1881), reads as follows: ."No acknowledgment or promise shall be evidence of a new or continuing contract, whereby to take the case out of the operation of the provisions of this act, unless the same be contained in some writing signed by the party to be charged thereby."

Parol evidence is not admissible to prove such acknowledgment or promise. The statute creates the exception and provides what shall be necessary for its creation. It can not be created in any other or different way. The statute is mandatory, and the courts are powerless either to ignore or in any manner waive or lessen

any of its provisions. *Kisler* v. *Sanders, Admx.*, 40 Ind. 78; *Ketcham, Admx.*, v. *Hill*, 42 Ind. 64.

The statute, in requiring the acknowledgment or promise to be in writing, makes it the duty of the court to determine as a question of law whether or not the acknowledgment or promise is sufficient to bind the party and take the case out of the operation of the statute limiting the time within which an action on the original obligation may be commenced. If the language used is indefinite or uncertain, so that an acknowledgment or promise can not be reasonably inferred, it will be deemed insufficient. The evident purpose of the statute in requiring that which is to be evidence of an acknowledgment or promise under the section now before us to be in writing, is to relieve the question of its sufficiency from all doubt.

A recent textwriter says: "The acknowledgment must be in terms sufficient to warrant the inference of a promise to pay." Wood's Lim. of Actions, section 64.

And again in the same section the author says: "It is now well settled that no acknowledgment is sufficient to take a case out of the operation of the statute unless it is of such a character that a new promise sufficient to revive the debt can be fairly drawn therefrom."

In the case of *Goldsby* v. *Gentle*, 5 Blackf. 436, the court held the following to be insufficient as an acknowledgment, viz.: "The plaintiff might have been paid long ago if he had not treated me badly."

It was held to be insufficient because the acknowledgment was accompanied with qualifying words rendering the inference of a promise or willingness to pay doubtful, the court quoting with approval the following language, used by the Supreme Court of the United States in the case of *Bell* v. *Morrison*, 1 Peters, *351, viz.: "If there be no express promise, but a promise is to be raised

by implication of law, from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable, and willing, to pay.   If there be accompanying circumstances, which repel the presumption of a promise or intention to pay; if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways we think they ought not to go to a jury as evidence of a new promise to revive the cause of action.   Any other course would open all the mischiefs against which the statute was intended to guard innocent persons, and expose them to the danger of being entrapped in careless conversations, and betrayed by perjuries.''

The tendency of the courts is rather to a strict compliance with the rule above announced, than otherwise, and while its strictness may sometimes cause the loss of an honest debt, many unjust recoveries will be prevented. The statute of limitations is beneficial, in that it compels the enforcement of obligations within a reasonable time and thus adds security to the rights of all.   For the fault and laches of the creditor in enforcing his claim, the debtor and his heirs are granted immunity.

In no two of the many adjudicated cases is the language of the instrument passed upon the same, and, while the courts have uniformly held that the acknowledgment must be distinct, many of them go further and say, it must also be free from any intimation that the debt will not be paid.

Among the many cases bearing out this proposition are *Berghaus* v. *Calhoun*, 6 Watts 219; *Gleim* v. *Rise*, 6 Watts 44; *Smith* v. *Freel*, 1 Addis. 291; *Harrison* v. *Handley*, 1 Bibb 443; *Head* v. *Manners*, 5 J. J. Marsh. *255; *Allen* v. *Webster*, 15 Wend. 284; *Tichenor* v. *Colfax*,

4 N. J. L. 153; *New Orleans, etc., R. R. Co.* v. *Harper*, 11 La. Ann. 212; *Dickinson* v. *McCamy*, 5 Ga. 486.

And it has been held in a number of cases that a promise to pay a part of the debt does not revive the original obligation. *Webster's Exr.* v. *Newbold*, 41 Pa. St. 482; *Miller* v. *Paschore*, 83 Pa. St. 356; *Morris* v. *Hazlehurst*, 30 Md. 362; *Phelps* v. *Steward*, 12 Vt. 256.

The language used by the appellant in his letter to the appellee, and which is the acknowledgment and promise relied upon to revive the note sued on is probably not the most convincing in every respect, yet it does convey to the appellee a promise that appellant will pay the debt, although he thinks that appellee should make some reduction. We are unable to accept counsel's view of this letter, as being nothing more than a proposition, asking appellee to state what he would be willing to accept, and that the appellant would then determine whether he would agree to pay. On the contrary, it is an acknowledgment coupled with a request that the appellee should not exact a payment of the entire amount. And, further, he says that if time is given him until fall he will then pay. An acknowledgment of an indebtedness usually carries with it an implied promise to pay. But if the acknowledgment is coupled with expressions which repel the presumption of a promise or an intention to pay, it will not be sufficient to avoid the operation of the statute of limitations.

The letter under consideration is sufficiently plain and definite, not only to show an intention to pay, but to repel any presumption that he repudiated the debt and refused to pay.

Having determined that the letter was sufficient acknowledgment to relieve from the operation of the statute and revive the action, the oral testimony on the question of an acknowledgment and promise was harmless.

The next objection urged is that the court below erred in permitting the appellee to testify as to his being the only heir at law and the owner of the note sued on.

In the complaint it is alleged that "A. W. Roberson and his wife both died intestate since the execution of the said note, and that the plaintiff is the sole surviving son and heir of said A. W. Roberson and wife."

The evidence introduced to support these allegations is found in the testimony of appellee and is as follows:

"Q. You may tell whether your father and mother left any will?    A. Yes, sir.

"Q. Where is that on record?    A. Allen county,— Fort Wayne.

"Q. Who else, if any one, has any interest in the estate of your father or mother?"

To this question the appellant objected for the reason that the will concerning which appellee testified was the best evidence. The objection was overruled and an exception saved, and the witness answered that he was the only person interested.

We think counsel's objection well made and should have been sustained by the court. For this ruling a new trial should have been granted.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed Feb. 26, 1895.