## PARK, ADMINISTRATOR, v. PARK.

[No. 4,537. Filed March 31, 1904.]

LIMITATION OF ACTIONS.—*New Promise.*—*Revival of Debt.*—No ac-knowledgment is sufficient to take a debt out of the operation of the statute of limitations unless it is of such a character that a new promise, sufficient to revive such debt, can fairly be inferred therefrom. *p. 643.*

SAME.—*Insufficient Acknowledgment to Revive Debt.*—If an acknowledg-ment of a debt is coupled with expressions which repel the pre-sumption of a promise or intention to pay, it will not be suf-ficient to avoid the operation of the statute of limitations. *p. 644.*

SAME.—*Special Finding.*—*New Promise.*—A special finding in which no inference is drawn, the ultimate fact not stated, the writing relied upon not set out, and the circumstances attendant upon its execution not shown, is not sufficient to sustain a conclusion of law to the effect that the claim is not barred by the statue, it appearing that otherwise the statute has run. *p. 644.*

From Morgan Circuit Court;' *H. C. Barnett*, Special Judge.

Action by Josie M. Park against Jeff T. Park, admin-istrator of the estate of Benjamin P. Park, deceased. From a judgment for plaintiff, defendant appeals. *Re-versed.*

*J. V. Mitchell* and *D. E. Watson*, for appellant.
*C. G. Renner* and *J. C. McNutt*, for appellee.

ROBY, J.—Appellee commenced this proceeding by fil-ing a claim against the estate, upon which she recovered judgment for $551.50, in accordance with conclusions of

law stated by the court upon facts specially found, at the request of the parties.

In view of the disposition to be made of this appeal it is not necessary to consider questions arising upon the pleadings or evidence, they not being likely to arise upon a retrial.

It is established by the finding of facts that the note which forms the basis of the claim was executed by the decedent on November 10, 1886, and was by its terms due one day thereafter. The statute of limitations, by which actions upon promissory notes are required to be commenced within ten years, was pleaded by the administrator. §294 Burns 1901, subdivision 5. Appellee, tacitly admitting that the section cited is applicable and *prima facie* conclusive, sought to take the case out of the statute by proof of a written acknowledgment. The seventh finding of fact is as follows: "That on the 19th day of April, 1899, said Benjamin P. Park, then in life, acknowledged in writing on the back of said note, duly signed by him, that the said note was due and unpaid." The second conclusion of law was: "That the note mentioned in the claim herein is not barred by the statute of limitations, but is a legally existing claim against the estate of the decedent, Benjamin P. Park, no part of the same ever having been paid." "No acknowledgment or promise shall be evidence of a new or continuing contract, whereby to take the case out of the provisions of this act, unless the same be contained in some writing signed by the party to be charged thereby." §302 Burns 1901; *Kisler* v. *Sanders,* 40 Ind. 78.

No acknowledgment is sufficient to take the case out of the operation of the statute unless it is of such a character that a new promise, sufficient to revive the debt, can be fairly inferred therefrom. *McNear* v. *Roberson,* 12 Ind. App. 87, 93. The written acknowledgment relied upon is not set out in the finding. Whether it was of such a character as to require the court to construe it in accordance

with the conclusion of law stated can not, therefore, be determined. In the absence of the writing itself, it can not be said as matter of law that the inference of a promise to pay arose therefrom. If the acknowledgment is coupled with expressions which repel the presumption of a promise or of intention to pay, it will not be sufficient to avoid the operation of the statute. *McNear* v. *Roberson, supra.*

The inference is one of fact. *Christian* v. *State, ex rel.;* 7 Ind. App. 417, 423; *Mozingo* v. *Ross,* 150 Ind. 688, 41 L. R. A. 612, 65 Am. St. 387. The acknowledgment must be considered in connection with the accompanying circumstances. *McNear* v. *Roberson, supra; Conwell* v. *Buchanan,* 7 Blackf. 537; *Goldsby* v. *Gentle,* 5 Blackf. 436; *Fort Scott* v. *Hickman,* 112 U. S. 150, 28 L. Ed. 636, 5 Sup. Ct. 56. A special finding in which no inference is drawn, the ultimate fact not stated, the writing relied upon not set out, and the circumstances attendant upon its execution not shown, is not sufficient to sustain a conclusion of law to the effect that the claim is not barred by the statute, it appearing that otherwise the statute has run.

The interests of justice require that there be a retrial of this cause. The judgment is therefore reversed, and the cause remanded, with instructions to sustain appellant's motion for a new trial, to permit the parties to reform the issues, if they shall so desire, and for further consistent proceedings.