BOCK *v.* BOCK'S ESTATE.

[No. 16,928. Filed October 20, 1942.]

*Paul Wever* and *R. Owen Williams,* both of Evansville, for appellant.

*Frank H. Hatfield* and *Joe S. Hatfield,* both of Evansville, for appellee.

STEVENSON, P. J.—The appellant instituted this action by filing a claim against the estate of Charles P. Bock, deceased. This claim was founded upon a promissory note dated January 22, 1918, executed by Charles P. Bock, payable one day after date, to the order of Susanna Bock, in the sum of $1,045.00. This note provided for interest at four per cent from date until paid and attorneys' fees.

The appellant in his claim alleged that this note was assigned and transferred to the appellant by delivery. The claim was filed in the Vanderburgh Probate Court on April 12, 1940. This claim was submitted to the court for trial on the 2nd day of September, 1941. At the close of the claimant's evidence, the appellee estate moved for judgment, which motion the court sustained and accordingly rendered judgment against the claimant (appellant) and for the appellee estate. The appellant subsequently filed a motion for a new trial, which motion was overruled, and this appeal has been perfected.

The only error assigned on appeal is the alleged error in overruling appellant's motion for a new trial. Under this assignment of error, the appellant contends that the court erred in sustaining the appellee's motion for judgment at the close of the appellant's evidence. The appellant contends that the evidence offered was sufficient to establish a *prima facie* case in favor of the appellant; and, since no defense was offered, that the judgment of the court, to the effect that the appellant take nothing, is contrary to law.

The appellee contends that the appellant failed to establish that the note in question was transferred and assigned to him in such a manner as to constitute a delivery thereof. The appellee also contends that mere possession of the note by the appellant is not proof of, nor does it establish, a *prima facie* case of delivery, since the note was payable to order and the appellant was not the payee named in the note, and since there was no endorsement in writing.

The appellee further contends that the note sued upon, offered in evidence in support of the appellant's case in chief, shows on its face that the action predicated thereon was barred by the statute of limitations. This

note was dated July 22, 1918, and due one day after date. Interest payments were credited on the back thereof, the last endorsement showing interest paid to January 22, 1930. The claim was filed April 12, 1940. The appellee accordingly contends that the burden was upon the appellant to offer evidence sufficient to toll the running of the statute of limitations under the facts disclosed, in order to establish a *prima facie* case.

As to this last contention, it is our opinion that the appellee's position is well taken. This action sought to recover upon a promissory note, and was accordingly governed by the ten year statute of limitations, § 2-602, Burns' 1933.

The statute of limitations began running on the note in suit from the date of the last payment made thereon, to wit: January 22, 1930. *MacMillan* v. *Clements* (1904), 33 Ind. App. 120, 70 N. E. 997. No further payments were made on this obligation, and an action thereon to enforce the payment thereof became barred by the statute of limitations at the expiration of ten years from that date. This action was not filed within such period, and there is no evidence in the record of any fact which would prevent the running of the statute.

Our Supreme Court has recently held that:

"When a claim against an estate discloses on its face that it is barred by the statute of limitations, it is insufficient." *Logan* v. *Hite, Admr.* (1938), 214 Ind. 233, 238, 13 N. E. (2d) 702.

Under this authority the claim which the appellant filed in this case was insufficient to constitute a cause of action, and no facts were offered in evidence to supply this defect. In the absence of such evidence, there was

nothing for the court to consider upon the question of the running of the statute of limitations. It had run as a matter of law at the time of the filing of this claim. *Deep Vein Coal Co.* v. *Dowdle* (1941), 218 Ind. 495, 33 N. E. (2d) 981.

The fact that Charles P. Bock, deceased, maker of the note had died, does not operate to extend the period of limitation within which this action should have been brought under the provisions of § 2-607, Burns' 1933. This statute above referred to only applies where death occurs within eighteen months of, and immediately preceding, the close of the ordinary statutory period of limitation. *McNear* v. *Roberson* (1895), 12 Ind. App. 87, 39 N. E. 896.

There is no evidence in the record from which the court could have found that this action was instituted within eighteen months after the death of Charles P. Bock. The only evidence concerning the death of the said Charles P. Bock is to the effect that he died sometime in the year 1931.

It is our opinion, therefore, that the evidence offered by the appellant was wholly insufficient to establish a claim against the appellee estate; and the trial court did not err in finding against the appellant, and in rendering a judgment in favor of the appellee. There was accordingly no error in overruling the appellant's motion for a new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 44 N. E. (2d) 194.