MARTHA W. SINNETT *vs.* STEPHEN SINNETT.

Cumberland. ·Announced July term law court for Western District, 1889. Opinion January 20, 1890.

*Limitations. Note. Partial payment. Renewal of debt.*

A partial payment upon a note, after it has become barred by the statute of limitations, will renew the note and remove the bar.

ON EXCEPTIONS.

Action upon a promissory note, tried by the justice of the superior court, for Cumberland county, who signed the following bill of exceptions :—

"This was an action of assumpsit commenced Oct. 26, 1888, entered at the December. term, 1888, and tried by the justice without the intervention of a jury, at the March term, 1889, subject to exceptions in matters of law. Ad damnum, $500. Plea, the general issue, with brief statement of statute of limitations and payment.

The note in suit was as follows,—

HARPSWELL, July 14, 1856.

For value received I promise to pay Martha Alexander sum of one hundred and twenty-eight dollars on demand with interest.

STEPHEN SINNETT,
MARGARET R. DURGIN.

On the 13th day of March, 1871, ten dollars were paid on the note. On the 28th day of May, 1888 the defendant paid twenty-five dollars on the note. Attempts were made at that time by the defendant to settle the balance of the note by conveyance of a certain piece of land in Harpswell, and of which a deed was at one time made, but the arrangement was never carried out.

After hearing the evidence and arguments of each party, and considering the same, I decide that said defendant did promise in manner and form as said plaintiff has declared against him, and I award damages in the sum of $345.75.

PERCIVAL BONNEY,
*Justice of the Superior Court."*

To the foregoing rulings in matters of law, and the ruling that either or both said payments makes the said note valid and not barred by the statute of limitations the defendant excepted.

*J. J. Perry, D. A. Meaher* with him, for plaintiff.

The declaration should count upon the new and not the old promise. *Howe* v. *Saunders,* 38 Maine, 350. First count describes a note signed by defendant alone. The note offered under this count is a joint and several note of defendant and Margaret R. Durgin. Second count describes a witnessed note signed by defendant; note not admissible on account of the variance,—not being a witnessed note. *Elwell* v. *Gillis,* 14 Maine, 72; *Gragg* v. *Frye,* 32 Id. 283. Defendant neither paid nor indorsed the ten dollar payment. R. S., c. 81, § 100. *Haven* v. *Hathaway,* 20 Maine, 345 ; *Clapp* v. *Ingersol,* 11 Id. 83.

If defendant can be held at all, it must be by the inference of a new promise from the payment of the $25.00 May 28, 1888. But he offered this with a certain piece of land in full payment of the note, and plaintiff accepted the proposition and after get-

ting the money refused to accept the deed. There is no new promise to pay the balance. *Bowker* v. *Harris*, 30 Vt. 424; *Slack* v. *Norwich*, 32 Id. 818; *Smith* v. *Eastman*, 3 Cush. 355; *Bell* v. *Morrison*, 1 Peters, 351.

*S. C. Strout, H. W. Gage,* and *C. A. Strout,* for plaintiff.

The note is properly declared on, being in effect a joint and several note, though in fact Margaret A. Durgin was simply a witness to the note. *Hapgood* v. *Watson*, 65 Maine, 510; *Bank of Biddeford* v. *McKenney*, 67 Id. 272, 276. The payment of the $25.00 being within six years preceding the action removes the bar of the statute of limitation. *Howe* v. *Thompson*, 11 Maine, 152; *Sibley* v. *Lumbert*, 30 Id. 253; *Evans* v. *Smith*, 34 Id. 33; *Egery* v. *Decrew*, 53 Id. 392; *Noble* v. *Edes*, 51 Id. 34.

EMERY, J.   This was an action of assumpsit on an unwitnessed promissory note on demand, dated July 14, 1856. The date of the writ was October 26, 1888, more than thirty-two years after the date of note. The defendant pleaded the statute of limitations. The action was tried without the intervention of a jury, by the presiding justice, who found as a matter of fact, that the defendant paid to the plaintiff on the note twenty-five dollars May 28, 1888, nearly thirty-two years after the date of the note, and within six years before the date of the writ. The justice thereupon ruled as a matter of law, that the action was not barred, and the defendant excepted.

The defendant contends, that while a partial payment within six years from the maturity of a debt, will prevent the statute from barring a suit for the debt, such payment after six years from the maturity of the debt, and hence, after the statute has become effectual, will not remove such bar.

We see no good reason for any distinction between the effect of payments before and payments after the six years from maturity. No such distinction is made in the statute, (R. S., c. 81, § 100), and we find none made in the decided cases. The statute of limitations does not extinguish debts, nor affect them in any way, except to bar suits for them. The debt remains. The obligation to pay it, though not enforceable by action, is subsisting

and is a sufficient consideration for a new promise. A partial or full payment of it, after the statute has taken effect, is not a gratuity.

While the debtor may invoke the statute, he need not. He can recognize and re-instate the debt as a subsisting, enforceable obligation, after the statute time for its recovery has expired. If he chooses to so recognize it, and re-instate it, the length of time it has remained unpaid, will not lessen the effect of such recognition. It is common learning, that an intentional part payment of a debt is an acknowledgment of its existence and a renewal of its obligation. It cannot matter how old the debt is. The recognition, the acknowledgment, will restore the legal obligation, however late they are made. We find nothing in the statute, in the books, or in reason, which requires the recognition, the re-instatement, to be made within six years and not after. The creditor must bring his suit within the six years, but the debtor can pay or renew his obligation at any time.

The partial payment in this case was clearly a recognition of the obligation, and such a renewal of it, that it became enforceable again, and for six years longer. Wood on Limitation, § 81. The other points suggested by the defendant are disposed of by the justice's findings of facts, no exceptions having been taken to any testimony.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.