Christian *v.* The State, on Relation of Heaston, Auditor.

No. 810.

CHRISTIAN *v.* THE STATE, ON RELATION OF HEASTON, AUDITOR OF HUNTINGTON COUNTY.

STATUTE OF LIMITATIONS.—*When Available as a Defense.*—In order that the statute of limitations may be available as a defense, it must be pleaded, unless the complaint shows affirmatively that the plaintiff is barred notwithstanding the exceptions.

SAME.—*Barred Action.—Principal can not Revive as Against Surety.— Bond.—Personal Liability.*—A principal on a bond can not, by any act of his alone, revive against his sureties a right of action which has been barred by the statute; but he may, by his own act, revive the obligation as to himself, and as the liability of the principal, both personally and on the bond, is created by the breach of the obligation, so both obligations are revived by a single act.

BOND.—*Practice.—Principal and Surety.—Available Error.*—Where action is brought on a bond, rulings therein affecting the sureties against whom no judgment was rendered can not be available to the principal.

VERDICT.—*Sustained by the Evidence.*—That the evidence sustains the verdict, see opinion.

INSTRUCTIONS TO JURY.—*Instructions Offered by Party.—When Refusal to Give not Error.*—When instructions are offered and request is made to give them, they must be correct in all particulars, or there will be no error in refusing to give them.

From the Wells Circuit Court.

*L. P. Milligan, O. W. Whitelock, B. M. Cobb* and *C. W. Watkins,* for appellant.

*J. B. Kenner, U. S. Lesh* and *A. G. Smith,* Attorney-General, for State.

GAVIN, C. J.—The facts from which this suit arose are as follows:

The appellant, Christian, was duly elected treasurer of Huntington county for two successive terms, extending from November 7th, 1876, to November 7th, 1880, and as such executed for each term his bond' with different

VOL. 7—27

sureties, conditioned that he should faithfully perform and discharge his duties as such treasurer, and pay over, on demand, to the person entitled thereto all moneys that might come into his hands as such treasurer.    In July, 1878, appellant received the sum of $12,000 as the proceeds of certain Stultz gravel road bonds, with which, through mistake, he failed to charge himself in his reports or upon final settlement with the commissioners.

In 1883 the error was discovered by the auditor and appellant's attention called to it.    After having the accounts examined by his son, who had been his deputy, appellant acquiesced in the conclusion that there had been such a mistake, and arranged with the treasurer of the county to report the money as paid, agreeing that he would pay it to him.    This was done, and the $12,000 paid in installments commencing January, 1884, the last payment being made July 15th, 1886, and the first payment being made more than five years after the expiration of his first term of office, during which term the money had been received.

This suit was commenced October 16th, 1886, by filing a complaint in two paragraphs on the first bond.

After a change of venue had been taken to Wells county, the second and third paragraphs were filed upon the second bond.    There were answers of general denial, payment, set-off, and the statute of limitations.

To the answer of the statute of limitations a reply was filed, setting up part payment within the statutory period of five years.

The demurrers of all the sureties were sustained and the cause was tried on the issues made with appellant alone, against whom judgment was rendered for $2,376.

From this judgment he appeals.

The second paragraph of complaint is not bad on the

ground that it shows upon its face a cause of action barred by the statute of limitations.

There are several exceptions contained in our statutes, notably concealment and nonresidence, which prevent the statute from running, R. S. 1881, sections 297 and 300, and there is nothing in the pleading to negative these exceptions.

In order that the statute of limitations may be available as a defense it must be pleaded, unless the complaint shows affirmatively that the plaintiff is barred, notwithstanding the exceptions. *Potter* v. *Smith*, 36 Ind. 231; *Hogan* v. *Robinson*, 94 Ind. 138; *Medsker* v. *Pogue*, 1 Ind. App. 197.

Then, and then only, is it available on demurrer.

The appellant moved to dismiss the third and fourth paragraphs of complaint for want of jurisdiction, because they were based upon the second bond and were filed after the cause went on change of venue to Wells county. In this there was no error.

Whatever might be the rule applicable, were the sureties on the second bond complaining, there is no error of which appellant can complain, he being the principal on each bond.

Errors affecting the sureties against whom no judgment was rendered could not be available to the principal.

In considering the question as to appellant, we are not required to resort to the statute of 1889, Elliott's Supp., section 15, which authorizes a suit on two bonds to be joined in one action, although the sureties may be different. As to appellant, each paragraph of the complaint was a suit on contract and properly joined in one complaint, even though some were filed after the change of venue.

As a matter of fact, but one question was really pre-

sented, on the trial, by all these paragraphs, viz: Whether or not appellant had really accounted for and paid over the $12,000 received from the sale of the Stultz gravel road bonds. *Ross* v. *State, ex rel.*, 131 Ind. 548.

For the same reasons, the court did not err in sustaining demurrers to the plea in abatement setting up the same matters. So far as the motion or the plea set up the statute of limitations, that was properly raised by plea in bar subsequently filed and held good.

None of the other objections to the complaint, suggested by counsel, are well taken.

The third paragraph of appellee's reply was addressed to the answer of the five years' statute of limitations, and pleaded part payment on the appellee's claims, within the statutory period.

Fairly construed, these allegations are sufficient to bring them within the rule laid down in *Prenatt* v. *Runyon*, 12 Ind. 174, cited by counsel, which requires that the payment shall be made on account of the debt sued on, and as a part thereof, the allegation being that appellant paid on each of said causes of action January 4th, 1884, $134.16.

It is further insisted that the reply is bad because the lapse of five years after the cause of action accrues forever bars any action upon the bond without any power of revivor.

Counsel for the appellant say in support of this proposition:

"The subject-matter or basis of the action in this case was the bond sued on. * * * The alleged payments could be no more than an acknowledgment by the appellant of his personal liability on account of the breach of his own implied contract that he would do and perform the duties of his office—a new promise to be responsible on account of the alleged failure to do his duty.

Such payment could not increase his liability on his bond. No renewal of the bond could be made only by the consent of all the parties thereto. No new or different obligation could be made without the consent of all the parties to said undertaking. One of the parties to said obligation could not make a contract to bind the others. The obligation sued on was an entirety in itself. * * * If the bond sued on is binding on one, it is binding on all who executed it.''

It is undoubtedly true, as asserted by counsel, that this action is founded upon the bond. As such we regard it. For this reason, the five years' statute of limitations provided for in subd. 2, section 293, R. S. 1881, applies and is a good defense, unless its force is avoided by the part payment.

It is true, also, that the appellant, the principal on the bond, could not, by any act of his alone, revive against his sureties a right of action which had been once barred by the statute. *Hunter* v. *Robertson*, 30 Ga. 479; *Bottles* v. *Miller*, 112 Ind. 584 (588); 13 Am. and Eng. Ency. of Law, 763; R. S. 1881, sections 302–306.

But while this is true, it is also equally well settled that an obligation of one of several joint obligors may be, by his part payment, revived as to himself, although not as to the others. *Bottles* v. *Miller, supra; Shoemaker* v. *Benedict*, 11 N. Y. 176; *Littlefield* v. *Littlefield*, 91 N. Y. 203.

Counsel contend that the payment made was upon appellant's individual and personal liability or debt, and not upon the bond.

Counsel's theory seems to be that the payment could not operate to revive both the individual liability and that upon the bond. Both the personal liability and the liability upon the bond are created by one act, appellant's failure to pay, and where both liabilities may arise in the

first place from a single act, we can see no good reason why both may not be revived by one and the same act, a part payment. Both the bond and the personal liability are means provided by law to accomplish the same purpose, the payment of the money due from appellant. There appears to us no sound foundation, either in law or equity, for a distinction which would say that the bond can not be kept alive or revived by a part payment within its statutory period. There being different periods of limitation fixed by law for the different forms of action, the personal liability might be continued when the right of action on the bond was lost, and resort could not then be had to the fact that the personal liability was still in force to give vitality to the bond.

Here, however, the payment is made within five years; the statutory period applicable to the bond.

We do not find, in the cases relied upon by appellant (*Pickett* v. *State*, 24 Ind. 366; *Carr* v. *State, ex rel.*, 81 Ind. 342, and *State, ex rel.*, v. *Foulks*, 83 Ind. 374), anything which supports appellant's theory, that after the statutory period has run, the bond becomes *functus officio*, and is not susceptible of revivor by part payment.

The reasoning of counsel that the bond was dead, and if a new promise to pay the debt was made or might be inferred from the part payment, this was a new cause of action, is as applicable to all other forms of obligation as to this bond; but it is now generally accepted as the law, that when a debt has been revived by a new promise or part payment, the action is still to be maintained upon the original obligation, and not upon the new one, although it is true that without the new one there would be no vitality in the old. Angell on Lims., section 288; 1 Wood on Lims., section 81, p. 249; 13 Am. and Eng. Encyc. of Law, 771, and note 7.

Some further objection is made to the sufficiency of

the reply, which goes to its form rather than to its substantial merits.

The reply is not to be approved as a model of exact and technically accurate pleading, yet, construed as we have already decided it should be, it contains all that has been deemed, by the Supreme Court, necessary to give the pleader the benefit of a revivor of the debt by part payment. *Ferguson* v. *Ramsey*, 41 Ind. 511; *Bottles* v. *Miller, supra,* on pp. 590 *et seq.*

The last assignment of error is based upon the overruling of the motion for a new trial.

Counsel for appellant argue earnestly, and with great ingenuity and plausibility, that the evidence does not support the verdict.

We have given both the evidence and their calculations careful examination. The figures presented by counsel point quite strongly toward the result which they assert, and appear to be supported by some of the evidence at least; yet the accounts are not presented to us in such detail as will enable us to say that they absolutely overthrow the other evidence in the case, which, beyond question, amply sustains the claim of appellee that the $12,000 was not charged to appellant, and was never accounted for by him during his term of office.

Whether or not the payments made were such as would remove the bar of the statute from the entire debt, was essentially a question for the jury, and we do not feel justified in disturbing their conclusion. Our own cases, as well as those from other States, sustain the proposition that a voluntary part payment upon a debt, made as such, is *prima facie* sufficient to revive the debt, although such *prima facie* case may be rebutted by attendant circumstances inconsistent with such revivor. *Carlisle* v. *Morris*, 8 Ind. 421; *Ketcham, Admx.*, v. *Hill*, 42 Ind. 64; 1 Wood on Lims., sections 97–101, and notes;

Angell on Lims., section 240, and note. *Jewett* v. *Petit*, 4 Mich. 508; *United States* v. *Wilder*, 13 Wall. (U. S.), 254; *Sinnett* v. *Sinnett* (Me.), 19 Atl. Rep. 458; *Parsons* v. *Clark*, 26 N. W. Rep. (Mich.) 656.

In *Manson* v. *Lancey*, 24 Atl. Rep. (Me.) 880, it is said that it is well recognized and familiar law that the effect of payment of any principal or interest, made and intended as payment of part of a debt, is an acknowledgment of that debt and a renewal of the obligation to pay it.

In *Kendall* v. *Tracy* (Vt.), 24 Atl. Rep. 1118, it is said: "A payment of interest or part of the principal renews the mortgage, so that an action may be brought to enforce it within the statutory period thereafter."

In *Day* v. *Mayo* (Mass.), 28 N. E. Rep. 898: "Where a partial payment is made on account of an existing indebtedness, the whole debt upon which such payment is made is thereby taken out of the statute of limitations, up to that time."

The rule is thus expressed in *Blaskower* v. *Steel* (Ore.), 31 Pac. Rep. 253: "The authorities are uniform that where a general payment is made on account of a greater debt, unless accompanied at the time by some qualifying declarations or acts on the part of the party making the payment indicating a contrary intent, it is considered an unequivocal admission of a subsisting contract or liability, and revives the debt, because it is deemed a recognition of it and assumption of the balance due."

The last reasons presented for a new trial are based upon instructions given and refused.

We deem it unnecessary to discuss the sufficiency of each instruction separately. Several of the questions presented under this head have been considered in passing upon the pleadings.

When considered with reference to the evidence in this

cause, we find no harmful error in either the giving or refusing of instructions.

The second and fifth instructions asked, if otherwise correct, are unquestionably inaccurate in at least one respect. The evidence shows without contradiction that appellant, in 1883, admitted he had never charged himself with, nor accounted for, the $12,000 received from the gravel road bonds, and that he owed it to the county, and also that he arranged with the county treasurer to report this money as though it were in his hands, and then paid the amount to the treasurer in instalments during the years 1884, 1885 and 1886.

The first payment made and the circumstances connected therewith amounted to an unequivocal acknowledgment of an indebtedness of $12,000 at that time, and revived this much of the debt at least.

There being then a present enforceable obligation to pay that sum at that time, the money being then due, the county was entitled to interest from that time forth in any event.

Instructions, when offered, must be correct in all particulars, else there is no error in refusing them. Elliott's App. Proced., 735.

We may also add that it is exceedingly doubtful if the motion for new trial does more than question the correctness of the instructions given or refused as a whole, in which case there could be no available error, because the correctness of some of the instructions given is not denied, while the correctness of some of those asked is not even urged by counsel. *Ohio, etc., R. W. Co.* v. *McCartney,* 121 Ind. 385; *Rees* v. *Blackwell,* 6 Ind. App. 506, 33 N. E. Rep. 988.

It has not, however, been necessary for us to determine this point.

After a very full consideration of all the errors pre-

sented and discussed by counsel, we are constrained to hold that there is no reversible error in the record.

Judgment affirmed.

Filed September 19, 1893.