**Ralph KIRCHOFF and Wilma Kirchoff, Appellants/Cross–Appellees–Defendants/Counterclaimants,**

**v.**

**Jeff W. SELBY and Daniel L. Selby, Appellees/Cross–Appellants–Plaintiffs/Counterdefendants.**

No. 26A01–9601–CV–34.

Court of Appeals of Indiana.

Dec. 10, 1997.

Patrick A. Shoulders, Robert L. Burkart, Ziemer, Stayman, Weitzel & Shoulders, Evansville, for Appellants/Cross–Appellees–Defendants/Counterclaimants.

Dean E. Richards, Indianapolis, for Appellees/Cross–Appellants–Plaintiffs/Counterdefendants.

## OPINION ON REHEARING

BAKER, Judge.

Appellant-defendants Ralph and Wilma Kirchoff have petitioned this court for rehearing, arguing, among other things, that we improperly addressed an issue in our opinion that was not raised by the parties on appeal. In our opinion, 686 N.E.2d 121, we stated, in pertinent part, as follows:

> As a result, we hold that the Selbys can maintain a cause of action against the Kirchoffs only under the following circumstances: (1) the Selbys purchased Worthington Bank stock directly from the Kirchoffs, as the Selbys contend [direct theory]; or (2) the Selbys bought Bancshares stock from Bancshares and the Kirchoffs participated in soliciting the Selbys' purchase with the motivation or desire to serve their own or Bancshares' financial interests [indirect theory].

686 N.E.2d at 129. According to the Kirchoffs, we should not have considered whether the Selbys could maintain their cause of action for securities fraud pursuant to an indirect theory because the Selbys advanced only a direct theory of liability at trial. As a result of our discussion regarding the direct and indirect theories, the Kirchoffs argue that we erroneously permitted the Selbys to advance an additional theory on remand which they never asserted in the trial court. We disagree.

The Kirchoffs correctly note that the Selbys advanced a direct theory of liability during trial and in their appellate brief. As we noted in footnote nine of our opinion, however, the evidence regarding whether the Selbys purchased either Worthington Bank or Bancshares stock was conflicting. In fact, the parties used considerable portions of their briefs disputing whether the Selbys purchased Worthington Bank stock or Banc-

shares stock. 686 N.E.2d at 129 n.9. Given the conflicting evidence on this issue, we stated that the trial court should determine, on remand, whether the Selbys purchased stock from Worthington Bank or Bancshares, and the extent of the Kirchoffs' participation in the sale of Bancshares stock. We then explained that the Selbys could only maintain a cause of action under the circumstances as outlined above.

Despite the Kirchoffs' contention to the contrary, our opinion in no way gives the Selbys a claim which they did not previously possess. Throughout the trial, the Selbys presented a claim for securities fraud. Our opinion does not alter the nature of their claim or give them a new claim to assert on remand; rather, it merely clarifies the type of proof required to maintain a cause of action for securities fraud under Indiana's Securities Regulation Act. Given the need for a new trial and the complexity and conflicting nature of the evidence, our opinion simply provides the trial court with guidance in resolving these issues on remand. Further, as the Kirchoffs note, the Selbys have consistently stated that they purchased Worthington Bank stock. If, on remand, the Selbys attempt to argue that they purchased Bancshares stock, nothing prevents the Kirchoffs from introducing their previous statements. As a result, we find no error.

The Kirchoffs' petition for rehearing is denied in all respects. Similarly, we deny the Selbys' petition for rehearing.[1]

NAJAM and KIRSCH, JJ., concur.

---

1. The Kirchoffs also filed a motion to strike the Selbys's petition for rehearing for failure to com-

ply with our appellate rules. Having determined that the Selbys' petition for rehearing should be denied on the merits, however, we deny the Kirchoffs' motion.