Timothy James **MARTIN,**
Appellant–Defendant,

v.

Deborah **BROWN,** As Executrix of
the Will of Rebecca L. Tanner,
Deceased, Appellee–Plaintiff.

No. 18A02–9812–CV–963.

Court of Appeals of Indiana.

Sept. 30, 1999.

Dale E. Hunt, Donald H. Dunnuck, Muncie, Indiana, Attorneys for Appellant.

Frank E. Gilkison, William H. Lutz, Beasley Gilkison Retherford Buckles & Clark LLP, Muncie, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Timothy James Martin appeals the trial court's denial of his motion to dismiss and the trial court's grant of summary judgment in favor of Deborah Brown, as Executrix of the Will of Rebecca L. Tanner, Deceased (hereinafter "Brown"). The trial court awarded Brown $37,599.89, together with attorney's fees in the amount of $3,106.25, for a total judgment of $40,-706.14.

We reverse.

### ISSUES

Martin raises two issues for our review which we restate as:

1. Whether Brown properly designated evidence in support of summary judgment.

2. Whether Brown's claim is time barred by the applicable statute of limitations.

## FACTS AND PROCEDURAL HISTORY

On June 25, 1987, Martin was charged with three Class C felony counts of fraudulent sale of securities in violation of Indiana Code Section 23–2–1–12. The charges arose after Martin induced Rebecca L. Tanner (the "Decedent") to borrow against her life insurance policy and then loan Martin the proceeds. The Decedent and Martin entered into two "Loan and Investment" agreements whereby the Decedent transferred to Martin the sum of $30,000.00. In return, Martin agreed to pay the Decedent interest at a high rate and to provide her with a diamond worth $5,000.00. Martin failed to comply with the terms of the agreements.

On June 18, 1988, Martin pleaded guilty to one count of the Fraudulent Sale of a Security, a Class C felony. Pursuant to a plea agreement, Martin received an eight-year suspended sentence and agreed to pay restitution to the Decedent in the amount of $30,000.00, $2,000.00 on the date of sentencing and the balance of $28,000.00 through monthly installments of $150.00. Over the next ten years, Martin made monthly payments to the Decedent, and then to her estate, in the amount of $10,800.11, the last payment being made in April of 1998.[1]

Thereafter, on July 1, 1998, Brown, as Executrix of the Decedent's will, filed her complaint for securities violations against Martin under Indiana Code Section 23–2–1–19. Martin filed his answer and a Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted alleging that Brown's complaint was time barred. Brown filed her response to Martin's motion to dismiss and a

motion for summary judgment. Following a hearing, the trial court denied Martin's motion to dismiss and entered summary judgment in favor of Brown. The trial court awarded Brown a money judgment of $40,706.14, an amount which included prejudgment interest and attorney's fees.

## DISCUSSION AND DECISION

### Standard of Review

█ Martin filed a motion to dismiss Brown's complaint asserting that Brown's claim was time barred by the statute of limitations. Brown responded to the motion to dismiss and also filed a motion for summary judgment and designated evidence outside of the pleadings. Accordingly, we will review this case as a motion for summary judgment.[2]

█ Upon review of the grant or denial of a motion for summary judgment, we apply the same legal standard as the trial court. *Erie Ins. Co. v. American Painting Co.*, 678 N.E.2d 844, 845 (Ind.Ct.App. 1997). Summary judgment is appropriate only if the designated evidentiary matter shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The party appealing the entry of summary judgment has the burden of persuading this court that the trial court's grant of summary judgment was erroneous. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993). We do not reweigh the evidence presented by the parties; rather, we consider the evidence in the light most favorable to the nonmoving party. *USA Life One Ins. Co. of Indiana v. Nuckolls*, 682 N.E.2d 534, 537 (Ind.1997).

### Issue One: Designation of Evidence

█ We first address Martin's contention that the trial court erred when it

---

1. The Decedent died on February 1, 1998.

2. Although Martin did not respond to Brown's motion for summary judgment, he did raise a statute of limitations defense in his

motion to dismiss. Therefore, we address that question in the context of whether summary judgment was appropriately entered.

considered Brown's motion for summary judgment because Brown failed to properly "designate" evidence in support of her motion. Specifically, Martin argues that the only evidentiary matter which could be considered a designation of evidence is Brown's statement that her motion was based upon five documents attached to the motion and designated in their entireties. Because Brown did not direct the trial court to the specific paragraphs or page numbers of the documents upon which she relied, Martin contends that Brown's designated evidence fails to meet the specificity requirement of Trial Rule 56. We disagree with Martin.

■ Indiana Trial Rule 56(C) does not mandate the manner in which a party is to specifically designate evidentiary material. *National Bd. of Examiners for Osteopathic Physicians and Surgeons, Inc. v. American Osteopathic Ass'n,* 645 N.E.2d 608, 615 (Ind.Ct.App.1994). Provided that the trial court is apprised of the specific material on which the parties rely either in support of or in opposition to a motion for summary judgment, the material may be considered. *Van Eaton v. Fink,* 697 N.E.2d 490, 493 (Ind.Ct.App.1998). Whether the parties designate material to the court in a separate filing, or in a brief in opposition to the motion, is within their discretion. *Id.*

We are satisfied that the evidence Brown designated to the trial court in support of her motion for summary judgment was sufficiently specific. Brown submitted a memorandum in support of summary judgment and, in a separate filing, designated five documents as the evidentiary matter relied upon. Our review of the designated documents reveals that each document is relevant in its entirety. As noted by Brown, the cumulative total of the documents consisted of only twelve pages. The trial court was properly apprised of the specific material upon which

Brown relied in support of her motion for summary judgment. We find no error.

## Issue Two: Statute of Limitations

■ Martin next contends that the trial court erred when it denied his motion to dismiss Brown's complaint and entered summary judgment in favor of Brown. Specifically, Martin asserts that Brown's cause of action under Indiana Code Section 23–2–1–19 is time barred as a matter of law. We must agree.

■ A statute of limitations defense may properly be considered in a motion for summary judgment. *Schnell v. Hayes,* 710 N.E.2d 208, 210 (Ind.Ct.App.1999). When the undisputed facts demonstrate that the complaint was filed after the running of the applicable statute of limitations, the trial court must enter judgment for the defendant. *Id.*

Brown's cause of action against Martin was brought pursuant to the Indiana Securities Act, Indiana Code Section 23–2–1–19(c).[3] That statute provides in relevant part:

(c) A person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who for compensation and as a part of regular business, issues analyses or reports concerning securities and:

\* \* \* \* \*

(3) engages in an act that operates or would operate as fraud or deceit upon a person;

is liable to the other person, who may bring an action to recover any consideration paid for advice, any loss due to advice, interest at eight percent (8%) each year from the date the consideration was paid, costs, and reasonable

---

**3.** Although Indiana Code Section 23–2–1–12 defines the conduct constituting a violation of the Indiana Securities Act, Section 19 expressly creates a private right of action for civil liability. *See Kirchoff v. Selby,* 703 N.E.2d 644, 650 (Ind.1998).

attorney's fees less the value of cash or property received due to advice.

IND.CODE § 23–2–1–19(c). A cause of action under the statute survives the death of a person who might have been a plaintiff or defendant. IND.CODE § 23–2–1–19(f). However, an action brought under this section must be commenced within three years after discovery by the person bringing the action of a violation of this chapter, and not afterwards. IND.CODE § 23–2–1–19(g).

The parties do not dispute that the complaint filed July 1, 1998, was filed well after the three-year statute of limitations had run. Indeed, the Decedent learned of Martin's securities violations at the very latest on June 18, 1988, when Martin pleaded guilty to criminal charges involving the same conduct. Nevertheless, Brown contends that the statute of limitations was tolled because the designated evidence demonstrates that, during the ten-year time period, Martin "voluntarily" made partial payments to Brown pursuant to a restitution order entered by the criminal court.

 In support of her argument, Brown relies on cases in which we have held that partial payments of a debt made voluntarily and unconditionally operate to remove the bar of a statute of limitations. *Meehan v. Meehan's Estate*, 98 Ind.App. 9, 186 N.E. 908 (1933); *MacMillan v. Clements*, 33 Ind.App. 120, 70 N.E. 997 (1904); *Christian v. State ex rel. Heaston*, 7 Ind. App. 417, 34 N.E. 825 (1893). The theory behind this principle is that "a debt that is barred by the statute of limitations is not extinguished; it is simply unenforceable at law...." *Meehan*, 98 Ind.App. at 13–14, 186 N.E. at 909–10. However "an admission of continued indebtedness may be inferred from the fact of part payment" which is a question of fact to be determined from the evidence. *Id.* at 14, 186 N.E. at 910. The payment must be paid to and accepted by the creditor or one acting

lawfully on his behalf, accompanied by circumstances or evidence amounting to an unqualified acknowledgment of more being due, from which a promise may be inferred as a matter of law, to pay the remainder. *Id.*

The cases cited by Brown are inapposite to the instant case. Martin's restitution payments made pursuant to a plea agreement were not in the nature of, or equivalent to, "voluntary" or "unconditional" partial payments of an admitted debt. Martin's guilty plea was in lieu of an eight-year prison sentence and his restitution payments were a condition of his suspended sentence. Restitution payments paid through the clerk's office are neither voluntary nor unconditional payments on a debt to one who is entitled to receive them.

Further, Brown does not seek merely to recover a debt owed. Even assuming that Martin's restitution payments constituted a voluntary acknowledgment of a debt, the restitution order was in the amount of $30,000.00 to be paid *without interest*. Record at 33 (emphasis added). But, in bringing suit under the Indiana Code Section 23–2–1–19(c), Brown also seeks to recover interest at eight percent (8%), with attorney's fees and costs. Essentially, she argues, Martin's restitution payments were an acknowledgment that he owed Brown statutory interest compiled over the ten-year period, fees and costs. We cannot agree with that contention. Brown has failed to show, as a matter of law, that the three-year statute of limitations was tolled.

We note that it is not uncommon for a criminal restitution order and a civil cause of action to arise from the same transaction or occurrence. But, as in this case, the restitution ordered may not be coextensive with the civil remedy, whether the civil action is based on tort, contract or statute. If restitution payments were

deemed to toll the statute of limitations in a related civil matter, the statute would be routinely avoided, if not thwarted.

Brown's failure to file her complaint within three-years after discovering Martin's securities violations under Indiana Code Section 23–2–1–19(c) bars her claim against Martin. Therefore, the trial court erred when it denied Martin's motion to dismiss and entered summary judgment in favor of Brown.[4]

Reversed.

STATON, J., and RUCKER, J., concur.

---

4. We do not mean to imply that Brown does or does not have other remedies available to her to enforce the criminal court's restitution order against Martin. We merely decide that she does not have a private cause of action pursuant to Indiana Code Section 23–2–1–19.