TIMOTHY HARCHARIK, Appellant-Plaintiff,
v.
SWISS REINSURANCE CORPORATION, d/b/a SWISS RE NATIONAL, SWISS REINSURANCE AMERICA CORPORATION, d/b/a SWISS RE NATIONAL, and WESTPORT INSURANCE CORPORATION, Appellees-Defendants.
No. 29A04-0805-CV-310
Court of Appeals of Indiana.
September 5, 2008
PHILIP D. SEVER, JASON P. HOPPER, Sever Storey LLP, Carmel, Indiana, ATTORNEYS FOR APPELLANT.
PHILIP E. KALAMAROS, Hunt Suedhoff Kalamaros LLP, St. Joseph, Michigan, ATTORNEY FOR APPELLEES.

MEMORANDUM DECISION
BAILEY, Judge.

Case Summary 
Appellant-Plaintiff Timothy Harcharik ("Harcharik") appeals the denial of his motion to correct error, which challenged the dismissal of his complaint for breach of contract and bad faith against Appellees-Defendants Swiss Reinsurance Corporation d/b/a Swiss Re National, Swiss Reinsurance America Corporation d/b/a Swiss Re National, and Westport Insurance Corporation ("Westport").[1] We reverse and remand.

Issue 
A single issue is presented for review, which we restate as follows: whether the trial court properly granted Westport's motion to dismiss.

Facts and Procedural History 
On October 5, 2007, Harcharik filed a two-count complaint against the Appellees, alleging a breach of duty of good faith and fair dealing and a breach of contract ("the Complaint"). The Complaint included the following factual averments.
From June of 1997 through February of 2002, Harcharik was an employee of Worldwide Risk Management Insurance Services, LLC ("Worldwide"). Brightpoint, Inc., a Delaware corporation headquartered in Plainfield, Indiana, retained Harcharik to serve as Brightpoint's director of risk management.
On or about July 10, 2000, the United States Securities and Exchange Commission ("the SEC") began investigating Brightpoint, Inc.'s possible misuse of various insurance products or possible violations of federal securities law. On July 16, 2001, the SEC notified Harcharik that he was also under investigation. Via his employer, Worldwide, Harcharik sought insurance coverage as an additional insured under a policy issued to Consolidated Insurance Services, Inc. to cover his potential liability as a result of the SEC investigation.
On September 3, 2001, Harcharik and Westport entered into a professional liability insurance contract with a policy limit of three million dollars and unlimited claims expense coverage. Subsequently, Westport sought out reinsurance coverage from Swiss Re National. On September 5, 2002, Nate Bunck ("Bunck"), a claims representative for Westport, issued an acknowledgement of coverage letter to Harcharik.
On September 11, 2003, the SEC filed a complaint against Harcharik in the United States District Court Southern District of New York ("the SEC Complaint"). Shortly thereafter, Worldwide terminated Harcharik's employment but did not terminate the liability insurance contract.
On October 1, 2003, Bunck sent a letter to Consolidated Insurance Services, Inc. advising that no coverage was available to reimburse an SEC fine and, should a fine be assessed, Westport would provide other coverage of no more than $25,000.00. On August 7, 2006, Bunck sent Harcharik a letter to the same effect, and further stating that the Additional Coverages section of the professional liability policy (with the $25,000.00 limitation) was applicable. Bunck advised Harcharik that Westport had incurred legal fees and expenses of $14,543.25 defending the SEC civil action and that there was $10,456.75 in remaining coverage. Bunck suggested Harcharik's possible retention of personal counsel.
In response, Harcharik filed the Complaint. On December 10, 2007, Westport moved to dismiss the Complaint for failure to state a claim upon which relief could be granted, pursuant to Indiana Trial Rule 12(B)(6). A hearing was set for January 15, 2008. On the day of the hearing, Harcharik filed a response to the motion to dismiss and Westport filed a "Reply in Support of its Motion to Dismiss." (App. 72.) Westport attached an affidavit, a copy of the SEC Complaint, and an uncertified copy of the final judgment in that cause. The purpose of the affidavit was to authenticate the other attachments.
On January 18, 2008, the trial court granted Westport's motion to dismiss as follows:
This matter having come before the Court on the Motion to Dismiss filed by Defendant, Westport Insurance Corp. Plaintiff having appeared by counsel, Jason P. Hopper. Defendant having appeared by counsel, Philip E. Kalamaros. Argument heard. The Court, having taken this matter under advisement, now GRANTS the Motion to Dismiss the Complaint.
(App. 113.) On February 15, 2008, Harcharik filed a motion to correct error and a "designation of material issues of fact that preclude entry of summary judgment." (App. 127.) On February 22, 2008, the trial court summarily denied the motion. This appeal ensued.

Discussion and Decision
Harcharik contends that the trial court essentially granted Westport summary judgment without affording Harcharik a reasonable opportunity to present pertinent materials in opposition. Westport responds that the trial court may have granted a Trial Rule 12(B)(6) dismissal without consideration of extraneous materials or, alternatively, if the trial court granted summary judgment after consideration of extraneous materials, Harcharik was not prejudiced because he was equally aware of their existence.
Initially, Westport moved to dismiss the Complaint pursuant to Indiana Trial Rule 12(B)(6), which provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. However, Westport subsequently filed in the trial court a written memorandum with attachments including an affidavit, copy of the SEC Complaint, and uncertified copy of the final judgment. Indiana Trial Rule 12(B) provides in pertinent part:
If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.
Indiana Trial Rule 56(C) does not mandate the manner in which a party is to specifically designate evidentiary material in support of or in opposition to a motion for summary judgment. Martin v. Brown, 716 N.E.2d 1030, 1033 (Ind. Ct. App. 1999). Provided that the trial court is apprised of the specific material on which the parties rely, the material may be considered. Id. If it is clear from the order on a motion to dismiss that extraneous materials were considered by the trial court, this Court will treat the appeal as if it comes from the grant or denial of summary judgment. Mears v. Lake County Council, 709 N.E.2d 747, 748 (Ind. Ct. App. 1999).
However, where the trial court treats a motion to dismiss as one for summary judgment, the court must grant the parties a reasonable opportunity to present Indiana Trial Rule 56 materials. Biberstine v. New York Blower Co., 625 N.E.2d 1308, 1313 (Ind. Ct. App. 1993), trans. dismissed. The trial court's failure to give notice of its conversion of a Trial Rule 12(B)(6) motion to one for summary judgment may constitute reversible error. Id. at 1314.
Here, the trial court heard argument of counsel, with Westport's counsel making a brief reference to extraneous materials:
And then a judgment was entered. In July, I believe, of this year. The civil complaint that was filed by the SEC and the, and the final judgment in that case are, are a part of my reply that I filed today. I have an affidavit where I certified what they are, because I couldn't get certified copies from the Court in that[.]
(App. 151.) However, neither party moved for summary judgment or made a written designation of evidentiary materials to support or oppose summary judgment.
The trial court's initial order, purportedly an order of dismissal, is silent as to any consideration of extraneous materials. Likewise, the order upon motion to correct error includes no reference to extraneous materials. Therefore, this Court is unable to determine from the trial court's order of dismissal or from the trial court's order denying the motion to correct error whether extraneous materials were considered, effectively converting the motion to dismiss into a motion for summary judgment. If so, notice was not afforded the adversely affected party.
Because the record does not adequately reflect whether this case is in the posture of dismissal or of summary judgment, we are unable to address the merits at this juncture.[2]
We reverse and remand for further proceedings consistent with this opinion.
RILEY, J., and BRADFORD, J., concur.
NOTES
[1] Westport is the only defendant upon whom service was obtained. The trial court dismissed the complaint as to all defendants.
[2] In either case, the propriety of the instant decision is questionable. A Trial Rule 12(B)(6) motion tests the legal sufficiency of the complaint, that is, whether the allegations in the complaint, with the factual allegations accepted as true, establish any set of circumstances under which a plaintiff would be entitled to relief. Trail v. Boys & Girls Clubs of Northwest Indiana, 845 N.E.2d 130, 134 (Ind. 2006). A grant of summary judgment is appropriate only when the movant demonstrates that there is no issue as to any material fact and he is entitled to judgment as a matter of law. Ind. Trial Rule 56. The summary judgment materials must be adequately designated and the non-movant must be given an opportunity to respond. Ind. Trial Rules 56, 12(B).